# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. W-19-CR-73-ADA** |
| | § | |
| **COREY ALONZO BROWN** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was convicted of Possession of a Firearm by an Unlawful User of or Addict to a Controlled Substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The Court sentenced the Defendant to time served in the custody of the United States Bureau of Prisons, followed by a three (3) year term of supervised release, payment of a $100 special assessment and special conditions that included substance abuse treatment, testing, and adhering to search. The Defendant was released to supervision on December 17, 2019. On September 28, 2023, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision,

1

alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated Mandatory Condition Number 2, in that, on August 30, 2023, the defendant admitted to using Marijuana.
>
> **Violation Number 2:** The defendant violated Mandatory Condition Number 1, in that, on September 11, 2023, the defendant was arrested by Killeen Police Department for Possession of Marijuana Under 2 Ounces in violation of Texas Health and Safety Code § 481.121, a Class B Misdemeanor.

At the hearing, Defendant pleaded TRUE as to violation numbers 1 and 2. The Government then presented evidence that would support a finding of TRUE, by a preponderance of the evidence, as to the violations.

## II.  FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.
2. The Defendant was competent to make the decision to enter a plea to the allegations.
3. The Defendant had both a factual and rational understanding of the proceedings against him.
4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.
5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.
6. The Defendant was sane and mentally competent to stand trial for these proceedings.
7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked but Defendant is to be released on time served, with one (1) year of supervised release to follow. It is **FURTHER RECOMMENDED** that Defendant be placed on electronic monitoring for a period of 120 days with a curfew from 10 p.m. to 7 a.m., submit to search requests as required by his probation officer, and submit to substance abuse treatment and testing as directed by his probation officer.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 31st day of October, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE